IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FRANKLIN MOLINA** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| **DAO INTERNATIONAL, INC. d/b/a DAO** | ) |
| **THAI RESTAURANT & NOODLE** | ) |
| **PALACE and SUPOUT DEEPIPAT,** | ) |
| **individually,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff, Franklin Molina, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against Dao International, Inc. d/b/a Dao Thai Restaurant & Noodle Palace, and Supout Deepipat, individually (herein "Defendants"), state as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff.

2. Plaintiff customarily worked in excess of 40 hours per week but was not paid overtime wages at the rate of one and a half times his regular rate of pay for all time worked in excess of 40 hours per week.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state

1

law claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

5. Plaintiff Franklin Molina resides and is domiciled in this judicial district.

6. Plaintiff Franklin Molina is a former employee of Defendants. He was employed by Defendants as a cook at Defendants' restaurant located at 230 E. Ohio Street, Chicago, Illinois. During the course of his employment, Plaintiff Molina handled goods that moved in interstate commerce, including, but not limited to: vegetables, spices, and cooking oils.

7. Defendant Dao International, Inc. d/b/a Dao (hereinafter "Dao") is a corporation doing business within this judicial district. Defendant is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

8. Defendant Dao was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

9. Defendant Supout Deepipat is the President of Dao and is involved in the day-to-day business operation of Dao. Among other things, Defendant Supout Deepipat has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

10. Defendant Supout Deepipat was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

11. Upon information and belief, Defendant Supout Deepipat resides and is domiciled in this judicial district.

## FACTUAL ALLEGATIONS

12. Defendants operate a restaurant in Chicago, Illinois under the name Dao.

13. Defendant Dao is located at 230 E. Ohio St., Chicago, Illinois.

14. Plaintiff Molina worked as a line cook for Defendants. He was responsible for preparing appetizers.

15. Defendants failed to pay Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in a single work week in violation of the FLSA and the IMWL.

16. Plaintiff was paid a salary of $3,500.00 every month ($3,400.00 via payroll check and $100 in cash).

17. Plaintiff worked more than 60 hours per week in February 2017, but was not paid any overtime.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

(Plaintiff hereby realleges and incorporates paragraphs 1 through 17 of this Complaint, as if fully set forth herein.)

18. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff for all time he worked for Defendants.

19. Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

20. Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the

3

FLSA, 29 U.S.C. § 203(d).

21. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

22. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

23. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he is entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

24. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

25. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

26. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

27. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the greater of the federal minimum wage rate or Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

(Plaintiff hereby realleges and incorporates paragraphs 1 through 27 of this Complaint, as if fully set forth herein.)

28. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

29. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

30. At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

31. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

32. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

33. Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

34. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

35. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the

amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A.    A judgment in the amount of one and one-half times the greater of the State mandated minimum wage rate or Plaintiff's regular rate for all time which Plaintiff worked in excess of 40 hours per week;

    B.    Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.    Reasonable attorneys' fees and costs incurred in filing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: March 31, 2017        **FRANKLIN MOLINA**

By: _s/Carlos G. Becerra
  One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com